UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03594-SVW-RZ | Date | June 13, 2013 |
|---|---|---|---|
| Title | Akop Sarkisyan v. Haykuhi Grigoryan et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**     IN CHAMBERS ORDER

**I.     INTRODUCTION**

On March 7, 2013, Plaintiff Akop Sarkisyan ("Plaintiff") filed the instant unlawful detainer action in Superior Court of California, Los Angeles County, against Defendants Haykuhi Grigoryan and Gevorg Grigoryan (collectively "Defendants"), for failure to vacate the premises located at 6441 Babcock Avenue, North Hollywood, CA, 91606.  (Dkt. 1 at 5).  Plaintiff requested possession of the premises, past-due rent of $2,500, damages of $83.33 per day for each day Defendant remained in possession through entry of judgment, forfeiture of the lease, and reasonable attorney fees.  (Id. at 6).

On May 20, 2013, Defendants filed a Notice of Removal of the state court action on the basis of federal question jurisdiction.  (Dkt. 1 at 3).  For the reasons below, removal is improper, and the matter is REMANDED to state court.

**II.     DISCUSSION**

Where a case has been removed, a federal court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc.,

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03594-SVW-RZ | Date | June 13, 2013 |
|---|---|---|---|
| Title | Akop Sarkisyan v. Haykuhi Grigoryan et al | | |

JS - 6

980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A.     Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal citations and quotation marks omitted).  However, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).

Defendants have failed to establish federal question jurisdiction.  Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. 11–01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011).  Defendants removed this case on the ground that Defendants' Motion to Quash service of summons, filed in state court below, depends on determining Defendants' rights and Plaintiff's duties under federal law.  However, Defendants' Motion to Quash was based on California Code of Civil Procedure § 1161, not federal law.  (Dkt. 1 at 13).  Moreover, even if this raised a federal defense, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005).  Therefore, the Court lacks federal question jurisdiction.

### B.     Diversity Jurisdiction

Neither does the Court have diversity jurisdiction.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. 1332(a).  However, a civil action may not be removed on the basis of diversity jurisdiction where any removing defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b)(2).  Because Defendants are citizens of California, removal on the basis of diversity jurisdiction is improper.  Further, and at any rate, the requested damages of $83.33 per day beginning on March 1, 2013, and costs of suit, fall short of the $75,000.00 requirement.  Therefore, the Court cannot exercise diversity jurisdiction.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03594-SVW-RZ | Date | June 13, 2013 |
|---|---|---|---|
| Title | Akop Sarkisyan v. Haykuhi Grigoryan et al | | |

JS - 6

### III.   CONCLUSION

Defendants have failed to carry the burden of establishing that removal is proper, as the Notice of Removal does not state a federal question raised by the Complaint, and does not meet the diversity jurisdiction requirements.  The action is REMANDED forthwith to Los Angeles County Superior Court. The Clerk of the Court shall close the case.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |